UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:08-CV-465-H

AARON SINGLETON                                                                                    PLAINTIFF

V.

DERRICK PARKS, *et al.*                                                                         DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

      This case involves a three vehicle accident that may be viewed as two separate collisions. On March 8, 2008, Plaintiff was driving a dark colored SUV on Interstate 65 when he came into contact with a tractor trailer driven by Defendant Derrick Parks, who was working for Defendant Surfaces Transport, Inc.[1] It had snowed the previous day and the roads were still slick that day. Plaintiff apparently lost control of his vehicle after the collision and then made contacted with a tanker truck driven by Defendant Randy Ross, who was working for Defendant Jack B. Kelley, Inc. ("Kelley"). Defendants Ross and Kelley have moved for summary judgment, arguing that there is no evidence to support a jury finding that Ross acted negligently or caused the accident in any manner. The Court, however, finds that a material factual dispute related to negligence and causation precludes summary judgment at this time. *See* Fed. R. Civ. P. 56(c)

      Plaintiff's theory of negligence appears quite straightforward. He asserts that Ross was speeding and following too closely, especially in light of the snowy road conditions, and that but-for this unsafe driving, Ross could have avoided striking Plaintiff's vehicle. To support this theory, Plaintiff has offered the deposition testimony of two eyewitnesses. Both eyewitnesses

---

[1] It is contested who caused this first accident.

confirm that both trucks, the one driven by Parks and the one driven by Ross, were speeding at the time of the accident and their speeds appeared unsafe. One of the eyewitnesses was unable to see Plaintiff's car make contact with Ross' tanker truck and, therefore, cannot explain how the accident happened. The other witness, however, testified very clearly that Plaintiff's car was spinning out of control, that Ross's truck swerved and struck Plaintiff's vehicle. According to the eyewitness, it appeared that had Ross not been driving at such a high speed and following so closely he could have avoided the accident.

In response to this evidence, Ross and Kelley essentially attempt to rebut the credibility of the eyewitness and rely on the police report, which was written well after the accident, as stating the true facts of the case. However, all questions of credibility are reserved exclusively for the jury. While Ross and Kelley may have a strong argument that either Plaintiff or Parks entirely caused the accident and all injuries resulting therefrom, there is sufficient evidence from which a jury could reasonably conclude that Ross' excessive rate of speed and unreasonable driving was a substantial factor in causing Plaintiff's injuries. For that reason, and being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendants Randy Ross and Jack B. Kelley, Inc.'s Motion for Summary Judgment is DENIED.

This is not a final order.

cc: Counsel of Record